IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

MELODY ANN PENNEY,

    Plaintiff,

vs.

H.F. MARTEK COMPANY, INC., a
Florida corporation, and
HAROLD F. MARTEK, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, MELODY ANN PENNEY (hereafter "PENNEY"), by and through her undersigned counsel, hereby sues Defendants, H.F. MARTEK CO., (hereafter "MARTEK"), and HAROLD F. MARTEK, (hereafter "HAROLD") and alleges as follows:

### Nature of Action

1. This is an action for recovery of unpaid wages owed to PENNEY pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, as amended ("FLSA").

### Jurisdiction and Venue

2. Jurisdiction in this Court is proper as Plaintiff's claims are brought pursuant to the FLSA to recover back wages, liquidated damages and reasonable attorney's fees and costs. Jurisdiction over this action is founded upon § 216(b) of the FLSA [29 U.S.C. 216(b)].

3. The acts and omissions that give rise to this action occurred in Martin County, Florida. Venue is therefore proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b).

## Parties

4. At all times material hereto, PENNEY was and is a resident of Martin County, Florida.

5. At all times material hereto, MARTEK was an employer of PENNEY as proscribed by the FLSA.

6. At all times material hereto, MARTEK had annual gross sales or business in an amount not less than $500,000.00.

7. MARTEK was, and is an enterprise(s) engaged in commerce as defined by § 203(r) and (s) of the FLSA.

8. At all times material hereto, HAROLD acted, directly or indirectly, in the interest of an employer in relation PENNEY. Therefore, HAROLD was and is an "employer" within the meaning of § 203(d) of the FLSA.

9. At all times material hereto, HAROLD was the owner and/or manager over PENNEY. By virtue of his position, control and authority over PENNEY, HAROLD was an "employer" as defined by the FLSA.

10. At all times material hereto, PENNEY was individually engaged in interstate commerce as defined by the FLSA.

## General Allegations

11. PENNEY was employed by the Defendants from in or about April of 2009 through February 4, 2010 as an Administrative Assistant.

12. PENNEY was compensated by the Defendants at $10.00 per hour.

13. The Defendants failed to compensate the Plaintiff for any hours worked during the following pay periods: (a) August 17, 2009 through August 31, 2009; and (b) September 1, 2009 through September 14, 2009.

14. PENNEY worked in excess of forty hours in more than one work week during the relevant time period. The Defendants failed to pay an overtime premium for all hours worked in excess of forty per work week. This resulted in the failure to pay PENNEY overtime compensation as required by the FLSA in work weeks in which worked in excess of forty hours per week.

## COUNT I
## MINIMUM WAGE VIOLATION AGAINST MARTEK

15. PENNEY hereby incorporates the allegations set forth in paragraphs 1 through 13 by reference.

16. PENNEY worked for MARTEK in several work weeks without receiving a minimum wage in accordance with the FLSA.

17. As a direct and proximate result of MARTEK'S failure to pay minimum wage compensation, PENNEY has been damaged in the loss of wages, and has incurred and is incurring costs and reasonable attorney's fees.

18. MARTEK'S failure to pay minimum wages was deliberate, willful and without good faith or any legal justification. Consequently, PENNEY is entitled to liquidated damages in an amount equal to the underpayment of minimum wage compensation.

WHEREFORE, PENNEY demands judgment against MARTEK for declaratory relief, equitable relief, compensatory damages (minimum wages), prejudgment interest, liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

## COUNT II
## MINIMUM WAGE VIOLATION AGAINST HAROLD

19. PENNEY hereby incorporates the allegations set forth in paragraphs 1 through 13 by reference.

20. PENNEY worked for HAROLD in several work weeks without receiving a minimum wage in accordance with the FLSA.

21. As a direct and proximate result of HAROLD'S failure to pay minimum wage compensation, Plaintiff has been damaged in the loss of wages, and has incurred and is incurring costs and reasonable attorney's fees.

22. HAROLD'S failure to pay minimum wages was deliberate, willful and without good faith or any legal justification. Consequently, PENNEY is entitled to liquidated damages in an amount equal to the underpayment of minimum wage compensation.

WHEREFORE, PENNEY demands judgment against HAROLD for declaratory relief, equitable relief, compensatory damages (minimum wages), prejudgment interest, liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

## COUNT III
## OVERTIME COMPENSATION

23. PENNEY hereby incorporate paragraphs 1 through 14 of this Complaint by reference.

24. PENNEY had in more than one work week during her employment worked in excess of forty hours per week for the Defendants. In these work weeks, PENNEY was not paid overtime compensation by Defendants as is required by the FLSA.

25. As a direct and proximate result of Defendants' underpayment of wages, PENNEY has been damaged in the loss of wages, and has incurred and is incurring costs and reasonable attorney's fees.

26. Defendants' failure to pay overtime was deliberate, willful and without any legal justification. Consequently, PENNEY is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, PENNEY demands judgment against Defendant for declaratory relief, equitable relief, compensatory damages (unpaid overtime), prejudgment interest, liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

## COUNT IV
## OVERTIME COMPENSATION

27. PENNEY hereby incorporate paragraphs 1 through 14 of this Complaint by reference.

28. PENNEY had in more than one work week during his employment worked in excess of forty hours per week for the Defendant. In these work weeks, PENNEY was not paid overtime compensation by Defendant as is required by the FLSA.

29. As a direct and proximate result of Defendants' underpayment of wages, PENNEY has been damaged in the loss of wages, and has incurred and is incurring costs and reasonable attorney's fees.

30. Defendants' failure to pay overtime was deliberate, willful and without any legal justification. Consequently, PENNEY is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, PENNEY demands judgment against Defendant for declaratory relief, equitable relief, compensatory damages (unpaid overtime), prejudgment interest, liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

### Demand for Jury Trial

PENNEY demands trial by jury of all issues so triable.

_____
Lee J. Baggett, Esquire
Fla. Bar No. 0467189
**The Law Offices of LEWIS,**
**MORTELL, LEWIS & BAGGETT**
Attorney for Plaintiff
1115 East Ocean Boulevard
Stuart, Florida   34996
Phone (772) 286-7861
Fax (772) 288-2013
www.lbaggett@lewismortell.com